UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DALE STEWART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-268 TLS |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Dale Stewart, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petitioner is serving a seventy year sentence for his 2000 Lake County conviction for Child Molesting and his adjudication as a habitual offender. Mr. Stewart asserts incompetency of his trial and appellate counsel and misconduct on the part of police officers and the prosecutor. The respondent asserts that the claims are either barred by procedural default or were correctly adjudicated by the state courts. Mr. Stewart filed a traverse arguing that the claims presented in his petition resulted in a fundamental miscarriage of justice.

The parties' submissions establish that Mr. Stewart was convicted on January 21, 2000, and was sentenced on February 28, 2000. Mr. Stewart appealed to the Indiana Supreme Court, which affirmed his conviction on May 24, 2002. Mr. Stewart then filed a petition for post-conviction relief, and appealed the denial of post-conviction relief. The Indiana Court of Appeals affirmed the denial of his petition for post-conviction relief on February 22, 2005, and the Indiana Supreme Court denied transfer on April 14, 2005.

In ground one of his petition, Mr. Stewart asserts that his trial counsel was ineffective because he failed to investigate the facts and circumstances of the case, failed to interview Mr. Stewart or any defense witnesses, failed to challenge police and prosecutorial misconduct, and failed

to object to improper jury instructions. He asserts that his appellate counsel was ineffective because he filed to raise any of these issues on appeal.

To support a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate: (1) that counsel's performance was deficient; and (2) that absent the deficient performance, there exists a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the first prong, a petitioner must show that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. *Williams v. Taylor*, 592 U.S. 362, 390 (2000). A reviewing court must afford a strong presumption that a habeas petitioner's counsel's conduct fell within a wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. at 669. A habeas petitioner claiming ineffective assistance of counsel "bears a heavy burden" of showing that his counsel's performance was deficient and that the counsel's alleged errors rendered the result of the proceeding "fundamentally unfair or unreliable." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996).

This court may not grant a petition for writ of habeas corpus unless the state courts adjudicated a claim contrary to established interpretation of federal law or the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). In reviewing a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, this court must presume the facts set forth by the state court are correct. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(3)(1).

The Indiana Court of Appeals determined that Mr. Stewart's trial counsel was not ineffective for not objecting to the instructions adopted by the trial court and that counsel investigated the case, deposed relevant witnesses, and made reasonable strategy decisions. The court of appeals also determined that Mr. Stewart's appellate counsel was not ineffective and that Mr. Stewart was not

prejudiced by his trial or appellate counsel's performance.

The Indiana Court of Appeals correctly applied established federal law in adjudicating Mr. Stewart's ineffective assistance of counsel claims, and did not make an unreasonable determination of the facts in light of the facts contained in the state court record. Accordingly, the court must deny Mr. Stewart relief on his ineffective assistance of counsel claims. Mr. Stewart's submissions do not present clear and convincing evidence rebutting the presumption of correctness of the state court determinations, nor do his submissions establish that a fundamental miscarriage of justice occurred in his criminal case.

Mr. Stewart also asserts that he was denied a fair trial and suffered a fundamental miscarriage of justice by the official conduct of police officers and the prosecutor. In its review of this claim, the Indiana Court of Appeals stated that:

> Simply put, Stewart recites a litany of abuses, and breakdowns that allegedly occur in the general realm of child molest prosecutions, but fails even to allege, much less establish, that any of these evils befell his case.

Appellate Court memorandum decision at p. 15.

The respondent argues that Mr. Stewart committed procedural default on this claim because he did not "fairly present this claim in his state court proceedings. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); *Riggins v. McGinnis*, 50 F.3d 492, 293 (7th Cir. 1995). Review of Mr. Stewart's state court record establishes that he did present this claim to the Indiana courts—though without presenting any evidence of official misconduct in his case. Even giving Mr. Stewart the benefit of every doubt in regard to the fair presentation doctrine, and considering this claim on the merits, the Indiana courts correctly concluded that Mr. Stewart did not establish that official misconduct rendered his trial or conviction unfair, and his submissions certainly do not suggest a fundamental miscarriage of justice in this case.

For the foregoing reasons, the court DENIES this petition.

SO ORDERED on June 28, 2006.

      /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT