# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

DALE STEWART,                            )
                                         )
                   Petitioner,           )
                                         )
       v.                                )          CAUSE NO. 3:05-CV-268 TLS
                                         )
CECIL DAVIS,                             )
                                         )
                   Respondent.           )

## OPINION AND ORDER

Petitioner Dale Stewart filed a notice of appeal, a request for a Certificate of Appealability, and a petition to proceed *in forma pauperis* on appeal in this case

To obtain a Certificate of Appealability, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). The court's discretion on whether to grant or deny a Certificate of Appealability is the best vehicle of separating meritorious from frivolous appeals. *Barefoot v. Estelle*, 463 U.S. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

This court denied Mr. Stewart's petition because it, like the state courts, found that his counsel was not ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Stewart failed to establish that the state courts' adjudication was unreasonable, and

failed to show that the circumstances of his case violated the Constitution's guarantee of counsel to adequately represent him.

None of the issues presented to the court make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). The Indiana Court of Appeals correctly applied the holding of *Strickland v. Washington* in rejecting Mr. Stewart's effective assistance of counsel claim. Where the court denies a certificate of appealability because petition was without merit, then it should deny *in forma pauperis* status on appeal because the appeal is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000).

For the foregoing reasons, the court DENIES the petitioner's motion request for a Certificate of Appealability pursuant to Rule 22(b), Federal Rules of Appellate Procedure (docket #20) because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court also DENIES the petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket #19) because the appeal is not taken in good faith. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, the applicant for the writ may then request issuance of the certificate by a circuit judge.

SO ORDERED on September 20, 2006.


 /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

2